UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MORETTO,

       Plaintiff,

v.                                                      Case No: 2:16-cv-908-FtM-99MRM

RICHARD DANZIG, WEXFORD
HEALTH SOURCE, BARBRA
DANZIG, D. MARTONANA and R.
SOLORZANO,

       Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court upon review of Plaintiff's Second Amended Complaint (Doc. 75) filed August 23, 2018. By way of background, Plaintiff, who is a prisoner, previously had pending an Amended Complaint alleging an Eighth Amendment claim for deliberate indifference stemming from the delay and/or failure to treat Plaintiff's teeth while he was incarcerated within DeSoto Correctional Institution, a Florida Department of Corrections facility (Doc. 11). The Amended Complaint named Julie Jones, The Secretary of Florida Department of Corrections, P. Murphy, Warden, DeSoto Correctional Institution, Richard Danzig, DDS, Wexford Health Sources, Inc, and

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Unknown Dental Assistant as defendants. *See generally* Doc. 11. Defendants Jones and Murphy filed a Motion to Dismiss (Doc. 38) on January 1, 2018, and Defendant Wexford Health Source, Inc.'s filed a Motion to Dismiss (Doc. 42) on February 23, 2018. Service, although attempted on several occasions, was never effectuated on Defendant Danzig. See Docs. 29, Doc. 34, Doc. 45, Doc. 52, Doc. 53 and Doc. 55. Due to Plaintiff's transfer to county jail for matters relating to his state court conviction, Plaintiff was afforded extensions of time to respond to the above motions. *See* Doc. 46, Doc. 57. On May 29, 2018, Defendant Wexford filed a Notice of Filing of Death of Defendant Danzig (Doc. 56). Thereafter, Plaintiff filed a motion for leave to file a second amended complaint (Doc. 60) on June 15, 2018, which the Court granted (Doc. 63). Plaintiff also filed a motion to substitute party pursuant to Fed. R. Civ. P. 25 (Doc. 67) on July 25, 2018.

Upon review, the Court finds the Second Amended Complaint is deficient because it contains unrelated claims that stem from separate and distinct events. The Complaint alleges: 1) an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition stemming from the delay and denial of treating Plaintiff's teeth problems beginning in April 2016 against Defendants Wexford, Dr. Richard Danzig, Barbara Danzig; and D. Martorana; and 2) an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical condition stemming from the delay and denial of treating Plaintiff's knee beginning in February 2016 against Defendants Wexford and Dr. Solorzano. *See generally* Doc. 75. Fed. R. Civ. P., Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." While a plaintiff may assert as many claims against one defendant in a cause of action, he may not raise

unrelated claims against multiple unrelated defendants in a single cause of action. Here, even though Plaintiff's claims concerning the denial of dental care and medical care share Defendant Wexford as a defendant, the claims are **not related** to the same basic issue or incident and they must be addressed in a separate complaint. See Glenn v. Conner, Case No. 8:12-cv-52-T-30-AEP, 2012 WL 1676643 *1 (M.D. Fla. 2012) (*citing George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Consequently, within thirty (30) days, Plaintiff must submit a Third Amended Complaint to cure the deficiencies outlined above. The Third Amended Complaint shall only include Plaintiff's claims related to the alleged deliberate indifference to his dental care. To the extent that Plaintiff wishes to prosecute an action related to the alleged deliberate indifference to his knee he is required to file a separate complaint. The Clerk of the Court will then assign a new case number for the separate complaint and inform Plaintiff of the new case number.

The Court further finds Plaintiff's Motion to Substitute is due to be denied as moot. Upon closer inspection, the Court notes that the Notice of Death filed by Wexford was not served upon the decedent's representative and thus did not operate to trigger the ninety-day rule to file a motion for substitution. See Doc. 56 (certifying service upon *pro se* Plaintiff only). In relevant part, Rule 25 provides:

> (a) (1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
>
> (3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. **A statement noting death must be served in the same manner**. Service may be made in any judicial district.

Fed. R. Civ. P. 25(a)(1), (3) (emphasis added). To trigger the ninety-day period mandated by Rule 25, the party serving the notice of death must identify and serve the notice of death on the decedent's representative. *Williams v. Scott*, Case No. 07-22617-CIV, 2011 WL 541343, at *3 (S.D. Fla. Feb. 8, 2011) (citations omitted).

Accordingly, it is now

**ORDERED:**

1. Defendants Jones and Murphy's Motion to Dismiss (Doc. 38) and Defendant Wexford Health Source, Inc.'s Motion to Dismiss (Doc. 42) are **DENIED as moot** and the Clerk shall terminate Defendant Jones and Murphy as defendants to this action.

2. Plaintiff shall file a Third Amended Complaint within **thirty (30) days** of the date of this Order in compliance with this Order. If Plaintiff fails to file a Third Amended Complaint within thirty (30) days, the Court shall dismiss this action.

3. Defendant Wexford shall serve the Notice of Filing of Death upon the decedent's estate or widow of the decedent **within twenty (20) days** of the date of this Order as set forth in Fed. R. Civ. P. 4 and file a copy of the return of service with the Court.

4. Plaintiff's Motion to Substitute Party (Doc. 67) is **DENIED without prejudice as premature.**

5. Within **ninety (90) days** of Defendant Wexford's service of Notice of Death upon Dr. Danzig's estate or widow, Plaintiff may refile a motion to substitute the proper party for decedent Dr. Danzig, if appropriate.[2]

6. Plaintiff's Motion for Extension of Time (Doc. 72) is **DENIED as moot**.

7. The Clerk shall provide Plaintiff with a civil rights complaint form marked "Third Amended Complaint" with this case number affixed for Plaintiff's use, if appropriate, and a blank civil rights complaint form for Plaintiff's use should he choose to initiate a separate claim stemming from the alleged deliberate indifference to his knee. The Clerk shall return the exhibits attached to the Second Amended Complaint (Doc. 75-2 and Doc. 75-3) for Plaintiff's use in filing his Third Amended Complaint concerning his dental care and separate amended complaint concerning his knee, if applicable.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of August 2018.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[2] The Third Amended Complaint names "Richard, Barbara Danzig" on the same line and indicates Plaintiff is suing the named defendants in both their individual and official capacities. If Plaintiff's intent on naming Barbara Danzig is to name her as the successor or representative of Dr. Danzig, as either his executor or administrator, he must name her in this capacity in his Third Amended Complaint. The Court expresses no opinion on whether naming Barbara Danzig or the Estate of Dr. Danzig as a named defendant in the Third Amended Complaint nullifies the need to file a motion for substitution under Rule 25.