UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEPHEN MORETTO,

      Plaintiff,

v.                                          Case No.: 2:16-cv-908-FtM-38MRM

RICHARD DANZIG, WEXFORD
HEALTH SOURCE, BARBARA
DANZIG and D. MARTONANA,

      Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter is before the Court on the Motion to Dismiss Plaintiff's Third Amended Complaint by Defendant Wexford Health Sources, Inc. (Doc. 83, "Motion"). Plaintiff filed a response in opposition to the Motion (Doc. 84). The Court denies Defendant Wexford's Motion but *sua sponte* dismisses D. Martonana, who remains unserved.

I.

Plaintiff Stephen Moretto is an inmate incarcerated in the Florida Department of Corrections and is proceeding on his Third Amended civil rights complaint filed under 42 U.S.C. § 1983 (Doc. 82, "complaint"). The complaint comprises 26 pages and includes what appears to be a summary of the procedural posture of the case (*id.* at 1-2); excerpts

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

of the court's approved civil rights complaint referring to various attachments (id. at 10-13); a "Statement of Claims" (*id.* at 14-17); and additional excerpts of the court's approved civil rights complaint form (*id.* at 19-26). Plaintiff attaches as exhibits the grievances submitted to prison administrators in connection with his dental treatment (Doc. 82-2 at 1-20). As pointed out by defendant Wexford, the complaint is not the model of clarity. However, liberally construed, the complaint alleges Eighth Amendment violations stemming from the delay in treating Moretto for broken fillings in his front teeth and his improperly fitting partial dentures. (*See generally* Doc. 82). As relief, Moretto seeks declaratory relief, compensatory damages, punitive damages, and costs. (*Id.* at 4).

The facts alleged in the complaint and gleaned from the attachments reveal that between April 2016 and July 2017 Moretto repeatedly sought dental treatment for both his broken teeth and his improperly fitting partials. Moretto was seen by Defendant Dr. Danzig on at least three occasions. Moretto declared a dental emergency on April 8, 2016 claiming he broke the fillings on his front teeth. Defendant Danzig told Moretto to put in a sick call. Danzig examined Moretto on April 15, 2016 and inquired whether Moretto was wearing his partials. Moretto complained to Danzig that the partials "hurt to wear." In response, Danzig told Moretto to request another sick call and bring back his partials, but Danzig otherwise rendered no dental treatment for Moretto's broken fillings. On April 20, 2016, Danzig examined Moretto, took x-rays and shaved down Moretto's partials. Afterwards Moretto complained the partials "still hurt," and voiced concerns about his "teeth" hurting and the "broken fillings" being "exposed to decay." In response, Danzig states "front teeth easily cleanable." Moretto referred Danzig to "Florida Rule 33-

402."² On April 25, 2016, Moretto initiated the grievance process with prison administrators complaining about the delay in his dental care for both his broken teeth and improperly fitting partials. Danzig next examined Moretto and ordered x-rays on October 6, 2016 and Moretto was placed "back on [the] list." When Moretto again requested dental care on February 2, 2017, he was told by Defendant Martorana he is still "on [the] restoration list." Moretto submitted additional grievances to prison officials complaining about the delay in treating his broken teeth and repairing his partials that "continue to hurt my gums where the wire." In response, Moretto was advised that his "name has been placed on the dental list." On April 17, 2017, Moretto's upper and lower partials were adjusted. On July 4, 2017 Moretto was transferred from DeSoto Correctional Institution to county jail in post-conviction matters. Moretto returned to DeSoto Correctional on April 25, 2018. Moretto put in a dental request on May 1, 2018 to continue his dental treatment and was placed back on dental list. On July 9, 2018, Dr. Parish examined Moretto and advised his broken teeth were unrepairable.

---

² The Court presumes Plaintiff is referencing the Florida Administrative Code, which provides that "Emergency dental services include treatment for trauma, control of bleeding, and acute infection. Emergency dental services shall be available to inmates 24–hours a day." Fla. Admin. Code 33–402.101(2)(a). Additionally, "[u]rgent dental services include treatment for chipped teeth, tooth pain, lost crowns or fillings, or broken dentures. All Department of Corrections dental clinics shall hold daily sick call, when a dentist is available, to provide dental access to those inmates who cannot wait for a routine appointment but do not meet the criteria for emergency dental services." Fla. Admin. Code 33–402.101(2)(b). In contrast, routine dental services "are available by request and include examination, diagnosis, and treatment provided per a written treatment plan." Fla. Admin. Code 33–402.101(2)(d)

II.

Wexford seeks dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) because the complaint fails to articulate a claim against Wexford. *See generally* Doc. 83. In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). A complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests to satisfy the pleading requirements of Fed. R. Civ. P. 8. *Id.* at 555. In addition, the plaintiff's claim must be plausible to overcome a Rule 12(b)(6) motion to dismiss. *Id.* at 556. The court must be able to draw a reasonable inference from the complaint that the defendant is liable for the misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the facts need not be detailed, they must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. Overall, labels, conclusions, and a formulaic recitation of the elements of a cause of action are not enough to meet the plausibility standard. *Id.* at 555. Dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if the alleged claim is not supported by enough factual allegations to raise a reasonable expectation of relief. *Id.*

To state a claim for violating the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prove medical indifference, the plaintiff must demonstrate:

> (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross

4

negligence.

*Fischer v. Fed. Bureau of Prisons,* 349 F. App'x 372, 374 (11th Cir. 2009) (citing *Goebert v. Lee County,* 510 F.3d 1312, 1326-27 (11th Cir.2007)). Mere inadvertence, negligence, medical malpractice, or a simple difference in medical opinion do not rise to the level of deliberate indifference. See *Estelle,* 429 U.S. at 106; *Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989). Inmates should have timely treatment for serious medical conditions. *Goebert,* 510 F.3d at 1327. In a delay-of-treatment case, the factors include: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Id.* at 1331.

In the context of dental care, "the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West,* 320 F.3d 1235, 1243–44 (11th Cir. 2003). *See also Young v. Kazmerski* 266 F. App'x 191, 193 (3rd Cir. 2008) (unnecessary pain arising from the denial and delay of adequate dental care is, objectively, a serious medical need); *McCarthy v. Place,* 2008 WL 5069039 at *4 (6th Cir. Dec. 2, 2008) (unpublished) (significant pain and discomfort resulting from failing to treat cavity and toothache constituted serious medical need); *Hartsfield v. Coburn,* 371 F.3d 454, 456 (8th Cir. 2004) (extreme pain resulting from loose and infected teeth constituted a serious medical need); *Stack v. McCotter,* 79 F. App'x 383, 388–89 (10th Cir.2003) (persistent pain from failure to treat inmate's periodontitis was itself sufficient to establish that his dental need was objectively serious despite fact that he eventually received satisfactory treatment and could show no permanent injury resulting from the delay in treatment). However, "not all claims regarding improper dental care will be

constitutionally cognizable. Dental conditions, like other medical conditions, may be of varying severity." Gilmore v. Hodges, 738 F.3d 266, 276 (11th Cir. 2013).

III.

Defendant Wexford does not dispute that Plaintiff's dental conditions constitute a serious medical condition. Taking Plaintiff's factual allegations as true and liberally construing the complaint, the Court finds that Plaintiff's allegations that (1) he was denied dental treatment for his partials causing him pain and interfering with his ability to chew or eat for 12 months; and/or (2) he was denied dental treatment over 15 months for his broken fillings which caused him pain and eventually resulted in his teeth being unrepairable plausibly states a claim under the Eight Amendment. *See Farrow*, 320 F.3d 1235. The Court finds that the complaint sufficiently alleges the first component of the deliberate indifference standard.

The Court now turns to whether the complaint adequately states a claim for deliberate indifference against Wexford. Although a private entity, Wexford may be held liable under § 1983 because it was tasked with providing medical care to inmates at DeSoto, which is a "function traditionally within the exclusive prerogative of the state." Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997). But because it is a corporate entity *respondeat superior* does not apply but instead the *Monell*[3] policy or custom requirement applies. *Ibid.* Plaintiff must allege facts that Wexford "had a 'policy or custom' of deliberate indifference that led to the violation of his constitutional right." Craig, v. Floyd Cty., 643 F.3d 1306, 1310 (11th Cir. 2011). "Because a [corporation] rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs. .

---

[3] Monell v. Dep't of Social Servs. Of New York, 436 U.S. 658, 690-91 (1978).

. must show that the [corporation] has a custom or practice of permitting it and that the [corporation's] custom or practice is 'the moving force [behind] the constitutional violation.'" *Grech v. Clayton Cty., Ga.*, 335 F.3d 1326, 1330 (11th Cir. 2003) (citations omitted, and alterations added). For Wexford to be liable, Plaintiff must identify a policy or practice which was "the moving force" behind injury or harm to Plaintiff. *See Fields v. Corizon Health, Inc.*, 490 F. App'x. 174, 183-85 (11th Cir. 2012). And, there must be "a direct causal link between the policy or custom and the alleged constitutional deprivation." *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).

Wexford argues in its Motion that the complaint "fails to point to an official policy of deliberate indifferences promulgated by Wexford." Doc. 10 at 10. Wexford also claims that Moretto's experiences alone fail to evidence and widespread unconstitutional and unofficial custom or practice. *Id.* Finally, Wexford argues that Moretto "failed to allege the policy was created with knowledge that his injury was highly probable." *Id.* ay 11. The Court rejects Wexford's arguments.

Here, Moretto alleges that the repeated rescheduling of his dental care and repeated placement on the dental waiting list is a custom or practice employed by Wexford, which resulted in the delay of his dental treatment and caused him unnecessary pain and suffering. Doc. 82 at 14. Plaintiff further attributes the implementation of a waiting list for dental restorations to be a policy promulgated by Wexford and other defendants[4] which caused the delay to dental treatment. Plaintiff claims that Danzig's repeatedly placing him on the waiting followed this policy. And Plaintiff points out that the

---

[4] The Court construes the "other defendants" language to include Dr. Danzig, a Wexford employee.

7

policy also prohibited Danzig from addressing more than one dental issue at an appointment, again resulting in Plaintiff being placed back on the waiting list for dental services. Wexford appears to suggest that Plaintiff needs to "demonstrate" a policy. *See* Doc. 83 at 5-11. This case is in the initial pleading stage. Although Plaintiff will need to cite an "official policy" or prove the existence of a "widespread practice" in summary judgment or at trial, it would place quite an unreasonable burden on a plaintiff to meet these standards of proof before discovery. *See Ashcroft*, 556 U.S. at 678-79. The language from the cases cited by Wexford address Rule 56 or Rule 59 Motions. The Court finds at this stage the complaint sufficiently articulates a custom, policy or practice against Wexford which resulted in an unnecessary delay to Moretto receiving dental care for his broken fillings and improperly fitting partials. Thus, Wexford is not entitled to dismissal of the complaint.

IV.

Because Plaintiff is proceeding *in forma pauperis*, the Court will take this opportunity to review the complaint under 28 U.S.C. §1915 (e)(2)(B)(i)-(iii) as to Defendant Martorna, who remains unserved. Liberally construed, the complaint attributes liability to Defendant D. Martorna, the "dental assistant" for advising Plaintiff that he was on the "dental list due to policy and practice of Wexford." Doc. 82 at 15. The complaint does not allege that Martorna made medical decisions about Moretto's dental treatment or was involved directly with providing dental care to Moretto. Nor are there any allegations that Martorna could determine the order in which inmates placed on the list are seen by a dentist or otherwise that Martorna interfered, yet alone, intentionally interfered with Moretto's ability to obtain dental treatment. *See Dugan v.*

*Warden, FCC Coleman*, 673 F. App'x 940, 944-45 (11th Cir. 2016) (affirming grant of summary judgment to defendants who only involvement with plaintiff's dental care was advising plaintiff he was on dental waiting list).  The Court finds the complaint fails to state a claim against Defendant Martorna.

Accordingly, it is now

**ORDERED:**

1. Defendant Wexford Health Sources, Inc. Motion to Dismiss Amended Complaint (Doc. 83) is **DENIED**.  Defendant Wexford shall file an answer to Plaintiff's Third Amended Complaint **within twenty (20) days** of this Order.

2. Plaintiff's Third Amended Complaint (Doc. 82) is **DISMISSED** against Defendant Martorna under 28 U.S.C. § 1915(e)(2)(B)(ii).

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2019.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record